**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Genz-Ryan Plumbing and Heating Co., | Case No.: 18-cv-1905 JNE/BRT |
| Plaintiff, | Hon. Joan N. Ericksen |
| v. | **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II AND III PURSUANT TO F.R.C.P. 12(b)(6)** |
| Weyerhaeuser NR Company, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS II AND III PURSUANT TO F.R.C.P. 12(b)(6)**

**Table of Contents**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 1

ARGUMENT .............................................................................................................. 4

   I.  Plaintiff Fails to State a Claim for Promissory Estoppel Because a Contract Governs the Parties' Relationship ............................................................................. 5

  II.  Plaintiff Fails to State a Claim for Unjust Enrichment Because a Contract Governs the Parties' Relationship. ....................................................................... 7

 III.  Plaintiff's Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile. ............................................................................................... 8

CONCLUSION ........................................................................................................... 9

# INTRODUCTION

Weyerhaeuser NR Company ("Weyerhaeuser") contracted with Genz-Ryan Plumbing and Heating Co. ("Plaintiff") to assist with efforts to remediate one of Weyerhaeuser's products which was used in the construction of residential homes in Minnesota. Genz-Ryan performed remediation work under that contract and was handsomely compensated by Weyerhaeuser for that work. Now, oddly unhappy with the deal it struck with Weyerhaeuser, Plaintiff has brought suit seeking substantial "lost profits" arising from work it claims it could have done, had it not willingly agreed to work for Weyerhaeuser. In addition to filing a factually-deficient count for breach of contract, Plaintiff attempts to shore up its problematic damages theories with claims for equitable relief premised on exactly the written agreement it reached with Weyerhaeuser but now apparently regrets.

But Plaintiff cannot assert claims for equitable relief merely because it is dissatisfied with a binding and valid contract it freely entered into. Equitable relief is not available to allow a party to rewrite a contract with which it is unhappy; Minnesota law makes clear that such equitable claims are barred and should be dismissed.

# BACKGROUND

Weyerhaeuser is an industry leading timber and wood products company. Its products are used throughout the country in building countless homes and businesses. In or around May 2017, Weyerhaeuser started receiving complaints of odors and irritation in certain homes where its residential floor joist product called "TJI Joists with Flak Jacket Protection" manufactured after Dec. 1, 2016 (the "Product") was installed.

1

Weyerhaeuser's subsequent investigation determined that the "Flak Jacket" coating in the Product was emitting formaldehyde. In response, Weyerhaeuser undertook a major remediation program to address the situation. As part of this effort, Weyerhaeuser committed to remediating the Product in hundreds of homes in Minnesota. One of the solutions offered to fix the Product involved mechanical removal of the Flak Jacket coating of the Product. In Minnesota, Weyerhaeuser contracted with BluSky Restoration Contractors, LLC ("BluSky") to carry out this mechanical removal remediation work. In turn, BluSky initially subcontracted Plaintiff to do remediation work for homes built by CalAtlantic Group, Inc. ("CalAtlantic") in the state. Plaintiff had been CalAtlantic's plumbing, heating, ventilation, and air conditioning subcontractor when the homes were first built.

In December 2017, the parties met to discuss accelerating the remediation process. Plaintiff alleges that, as of December 2017, two contracts govern the remediation work Plaintiff agreed to do for Weyerhaeuser. ***First***, on December 7, 2017, Weyerhaeuser, Plaintiff, BluSky, and CalAtlantic met to discuss accelerating the work schedule by which the remediation efforts in Minnesota was to be completed. During that meeting, Plaintiff alleges that Weyerhaeuser and Plaintiff came to an oral agreement (the "Oral Agreement").[1] (Complaint at ¶¶ 11(c); 23.) Under the terms of the Oral Agreement,

---

[1] Weyerhaeuser denies that Plaintiff and Weyerhaeuser came to any final, binding agreement at the December 7 meeting. Instead, Weyerhaeuser rejected Plaintiff's request for reimbursement of lost profits and the parties' entered into a written agreement on December 14 which governs their relationship. Therefore, enforcement of any oral agreement on December 7 is barred by the parol evidence rule. Weyerhaeuser has asserted a counterclaim seeking a judicial declaration to that

Plaintiff agreed to accelerate the schedule by which it was carrying out the remediation work. (Complaint at ¶¶ 11; 23-25.) In exchange, Plaintiff alleges, Weyerhaeuser agreed to pay for the costs to do so, as well as any lost profits suffered by Plaintiff for giving up other work.

Second, on December 14, 2017, the parties executed an Indemnification and Release (Declaration of S. Jamal Faleel, ¶ 2, Ex. A (the "Indemnification Agreement")).[2] Weyerhaeuser does not dispute the existence, validity, or enforceability of the Indemnification Agreement. Pursuant to the Indemnification Agreement, Weyerhaeuser agreed to indemnify Plaintiff for the remediation work it did, and also to pay its costs as consideration for Plaintiff forgoing other business opportunities. (Indemnification Agreement, ¶ 6.) Paragraph 6 reads as follows:

> In consideration of [Plaintiff] forgoing other business opportunities to deal with the issues related to the [Product,] Weyerhaeuser agrees to pay [Plaintiff] for its costs incurred in furnishing services related to the [Product] or the remediation thereof. (Complaint at 13; Indemnification Agreement, ¶ 6.)

On June 18, 2018, Plaintiff "hip-pocket" served a complaint on Weyerhaeuser, without filing suit in Minnesota state court. Plaintiff alleged three claims: 1) a single breach

---

effect. (Docket No. 9.) However, for the purposes of this Motion, the existence of the Oral Agreement is presumed.

[2] The Indemnification Agreement is referred to and relied upon by Plaintiff in its claims. Accordingly, it is "necessarily embraced by the complaint" and is part of the pleadings. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) ("Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'") (*quoting Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)). Therefore, it may be considered by the Court on a motion to dismiss without converting the motion to one for summary judgment. *Id.*

3

of contract count alleging Weyerhaeuser had breached both the Oral Agreement and the Indemnification Agreement (Complaint, ¶¶ 16-21); 2) a promissory estoppel claim based on the same purported Oral Agreement of December 7 underlying its breach of contract claim, and the Indemnification Agreement (Complaint ¶¶ 22-28); and 3) an unjust enrichment/quantum meruit claim, also based entirely on the agreements and promises making up the two alleged contracts (Complaint ¶¶ 29-32).  On July 9, 2018, Weyerhaeuser filed the case in the Minnesota District Court for the First Judicial District, Dakota County, and removed the case to this Court.  (Dkt. No. 1.)

## ARGUMENT

Plaintiff's two equitable claims fail for the same straightforward reason: equitable relief – including both promissory estoppel and unjust enrichment – is not available where the rights of the parties are governed by contract.  The Court must grant a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), where, taking all facts pleaded by plaintiff as true, the complaint nonetheless fails to state a legally sufficient claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face.")

Plaintiff's allegations make plain that it seeks recovery by its equitable claims precisely where the parties' contracts govern.  This is contrary to Minnesota law.  Accordingly, Plaintiff cannot state a claim for such equitable relief and Counts II and III must be dismissed.

## I. PLAINTIFF FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL BECAUSE A CONTRACT GOVERNS THE PARTIES' RELATIONSHIP.

Plaintiff does not state a claim for promissory estoppel because there is a contract addressing the same subject matter as the equitable claim. Under Minnesota law, "equitable relief cannot be granted where the rights of the parties are governed by a valid contract." *U.S. Fire Ins. Co. v. Minnesota State Zoological Bd.*, 307 N.W.2d 490, 497 (Minn. 1981) (*citing Cady v. Bush*, 166 N.W.2d 358 (Minn. 1969)); *see also, Greuling v. Wells Fargo Home Mortg., Inc.*, 690 N.W.2d 757, 761 (Minn. Ct. App. 2005) ("an express contract covering the same subject matter will preclude the application of promissory estoppel.") (*quoting Del Hayes & Sons, Inc. v. Mitchell*, 304 Minn. 275, 283 (1975)); *Housing and Redevelopment Authority of Chisholm v. Norman*, 696 N.W.2d 329, 337 (Minn. 2005) ("We recognized in *Christensen* that promissory estoppel applies only to agreements 'implied in law where no contract exists in fact.'") (*citing Christensen v. Minneapolis Municipal Employees Retirement Board,* 331 N.W.2d 740, 749 (Minn. 1983)). Equitable estoppel works to imply a contract only where there is none. *Martens v. Minnesota Mining & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn. 2000) ("Promissory estoppel is an equitable doctrine that implies a contract in law where none exists in fact.") (quotation and citations omitted). Plaintiffs allege, and Weyerhaeuser does not dispute, that the parties' relationship is governed by contract. But, where there is, in fact, a contract, promissory estoppel cannot be asserted. *Del Hayes*, 304 Minn. at 283 ("[p]romissory estoppel is the name applied to a contract implied in law when no contract exists in fact", and thus doctrine is wholly inapplicable in situations where an actual contract exists).

The relief Plaintiff seeks in its promissory estoppel claim is based on the same promises, and is identical to, the relief it seeks in its breach of contract claim. Plaintiff's allegations in support of its promissory estoppel claim are identical to its claim under the Oral Agreement. In its claim for breach of contract, Plaintiff alleges that:

> On December 7, 2017, Weyerhaeuser ***contracted Genz-Ryan to accelerate its schedule to complete*** the remediation work for the Minnesota homes incorporating the Product, and agreed to pay Genz-Ryan *for all of its past and continuing costs, losses, and damages, including all lost business opportunities and profits arising from – or related to – the remediation work* furnished – and to be furnished – by Genz-Ryan. (Complaint, ¶ 17.) (emphasis added).

In its promissory estoppel claim, Plaintiff alleges that:

> On December 7, 2017, Weyerhaeuser promised to pay Genz-Ryan *for all of its past and continuing costs, losses, and damages including all lost business opportunities and profits arising from – or related to – the remediation work* for the Minnesota homes incorporating the Product in order to induce Genz-Ryan *to accelerate its schedule to complete this work*. (Complaint, ¶ 23) (emphasis added).

The two claims are identical: Plaintiff promised to "accelerate its scheduled to complete" the work, (Complaint ¶¶ 17, 23); in exchange, Weyerhaeuser (allegedly) agreed to pay "for all [Plaintiff's] past and continuing costs, losses, and damages, including all lost business opportunities and profits." (*Id*.) Indeed, in its promissory estoppel claim, Plaintiff quotes directly from the Indemnification Agreement – precisely the contract the parties agree governs their relationship regarding the remediation work conducted by Plaintiff for Weyerhaeuser. (Complaint, ¶ 25.)

It is, therefore, plain that the relationship between Plaintiff and Weyerhaeuser is a contractual one which precludes Plaintiff's promissory estoppel claim. Indeed, the "promises" on which Plaintiff alleges it relied, are precisely the contracts on which it seeks

6

to recover the same damages.  Minnesota law is clear that this is not permissible.  *See, e.g., Afremov v. Jarayan,* No. CIV. 11-313 SRN/SER, 2012 WL 1049739, at *5 (D. Minn. Mar. 28, 2012) ("the existence of the written AM Plaza contract – which Defendants not only do not challenge, but on which they affirmatively rely – also precludes Count Seven, alleging promissory estoppel.") (*citing Banbury v. Omnitrition Int'l, Inc.*, 533 N.W.2d 876, 880–81 (Minn. App. 1995) (stating that "promissory estoppel claim must fail as a matter of law" where "a contract did, in fact, exist")).

Because there is a valid contractual relationship between Weyerhaeuser and Plaintiff, Plaintiff's claim for promissory estoppel fails as a matter of law and should be dismissed with prejudice.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT BECAUSE A CONTRACT GOVERNS THE PARTIES' RELATIONSHIP.

For the same reason that Plaintiff's promissory estoppel argument failed, so too must its claim for unjust enrichment.  As with promissory estoppel, unjust enrichment is an equitable claim and "does not apply when there is an enforceable contract that is applicable."  *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012); *Colangelo v. Norwest Mortg.*, 598 N.W.2d 14, 19 (Minn. App. 1999) ("Where the rights of the parties are governed by a valid contract, a claim for unjust enrichment must fail."), review denied (Minn. Oct. 21, 1999); *First Integrity Bank, N.A. v. Ohio Cas. Ins. Co.*, No. CIV. 05-2761MJD/RLE, 2006 WL 1371674, at *5 (D. Minn. May 15, 2006) (granting motion to dismiss unjust enrichment claim where "the parties agree that a valid and enforceable contract governs the dispute").

7

Plaintiff's unjust enrichment claim covers the same subject matter as the contract claim. It is premised on the same conduct, arises from the same course of business, and through the claim, Plaintiff seeks the same relief it seeks by its contract claims: Genz-Ryan agreed to complete its remediation efforts on behalf of Weyerhaeuser at an accelerated pace; it gave up other business opportunities to do so; and is therefore entitled to the costs of its work and the profits its forewent. (*Compare* Complaint ¶¶ 30-31 *with*, Complaint ¶¶ 17-18, 23-25.)

As with Plaintiff's promissory estoppel claim, there is a contract which plainly governs the relationship upon which Plaintiff bases its unjust enrichment claim. That contractual relationship bars Plaintiff from asserting the equitable claims as a matter of law. *Caldas*, 820 N.W.2d at 838 (unjust enrichment "does not apply when there is an enforceable contract that is applicable."). Accordingly, Plaintiff's Count III for unjust enrichment should be dismissed, with prejudice.

### III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE AMENDMENT WOULD BE FUTILE.

The Court should deny Plaintiff leave to amend and dismiss Plaintiff's Counts II and III with prejudice because any amendment would be futile. Minnesota law is clear that where a contract governs the relationship between parties, an aggrieved party may not bring an equitable claim. *Minnesota State Zoological Bd.*, 307 N.W.2d at 497. There is no dispute that a valid contract governs the parties' relationship. Accordingly, Plaintiff's equitable claims are barred as a matter of law and there are no additional facts Plaintiff could allege by which Plaintiff could state a claim for promissory estoppel or unjust

enrichment, or, indeed, any other equitable relief. Amendment, therefore, would be futile. *Moody v. Vozel*, 771 F.3d 1093, 1096 (8th Cir. 2014) (refusal of leave to amend was appropriate where amendment would be futile). Counts II and III should be dismissed without leave to amend.

## CONCLUSION

Plaintiff seeks to bring equitable claims where there is a valid contract governing the parties' relationship. Minnesota law does not permit such claims. Because Plaintiff can make no further factual allegations to support these, or any other equitable claims, amendment would be futile. Accordingly, this Court should dismiss Plaintiff's Counts II and III without leave to amend.

Respectfully Submitted

Dated:   July 26, 2018.

s/S. Jamal Faleel
S. Jamal Faleel, Esq. (#0320626)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
(612) 343-3200
(612) 343-3205 (facsimile)
jfaleel@blackwellburke.com

*Attorneys for Defendant*
*Weyerhaeuser NR Company*