# EXHIBIT A

## INDEMNIFICATION-RELEASE AGREEMENT

This **INDEMNIFICATION-RELEASE AGREEMENT** (hereinafter "Agreement") is made as of December 14, 2017 by and between **Weyerhaeuser NR Company** (hereinafter "Weyerhaeuser"), and **Genz-Ryan Plumbing and Heating Co.** (hereinafter "Genz-Ryan"). Weyerhaeuser and Genz-Ryan are individually referred to herein as "Party" and collectively as "Parties".

## RECITALS

**WHEREAS**, Weyerhaeuser, or one of its related or affiliated companies, manufactured "Gen 4" TJI® Joists with Flak Jacket® Protection between Dec. 1, 2016 and June 27, 2017 (hereinafter "Affected Joists"), which have required remediation to address a formaldehyde emission issue;

**WHEREAS**, Genz-Ryan has furnished plumbing, HVAC, and remediation services to homes with the Affected Joists; and

**WHEREAS**, Genz-Ryan will continue to furnish plumbing, HVAC, and remediation services to homes with the Affected Joists so long as Weyerhaeuser indemnifies and releases Genz-Ryan as stated herein.

**NOW THEREFORE**, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree and acknowledge as follows:

1. **Recitals.** The above-referenced **RECITALS** are incorporated herein and are a part of this Agreement.

2. **Indemnification.** To the fullest extent permitted by law, Weyerhaeuser agrees to defend, indemnify and hold harmless Genz-Ryan, its agents, directors, officers, employees and related and affiliated companies (hereinafter collectively referred to as "Indemnitees"), at Weyerhaeuser's sole expense, from and against any and all claims, losses, costs, damages, fees or expenses (including, but not limited to, attorneys' fees and court costs) arising out of or in any way relating to (i) the Affected Joists and (ii) any past, present and future remediation efforts by Indemnitees related to the Affected Joists, including, but not limited to, any actual or alleged injury, damage, death or other consequence occurring to any person or property as a result, directly or indirectly, of the existence, possession or use of the Affected Joists and any past, present or future remediation efforts by Indemnitees related to such product, whether claimed by reason of breach of contract, breach of warranty, negligence, product defect or otherwise, and regardless of the form in which any such claim is made; except, however, that no right of defense or indemnification shall exist for that portion of a claim resulting from any negligent acts or omissions, wrongful or illegal acts, intentional misconduct or faulty workmanship of any Indemnitee(s). In the event of any such claim against an Indemnitee, such Indemnitee shall notify Weyerhaeuser in writing of the claim, and Weyerhaeuser shall manage and control, at Weyerhaeuser's sole expense, the defense of the claim and its settlement. Indemnitees shall cooperate with Weyerhaeuser, at Weyerhaeuser's sole expense, in the defense of the claim and its settlement. In no event shall any Indemnitee settle any claim covered by this indemnification without Weyerhaeuser's prior consent. If an Indemnitee settles any covered claim without Weyerhaeuser's consent, those claims will no longer be covered by this indemnity and Weyerhaeuser shall have no duty to indemnity, defend, and hold harmless Indemnitee for them, including no duty to pay the settlement.

3. **Release.** To the fullest extent permitted by law, Weyerhaeuser hereby releases Genz-Ryan, its agents, directors, officers, employees and related and affiliated companies, from any and all claims, whether known or unknown, whether anticipated or unanticipated, arising out of or in any way relating to the Affected Joists and from any and all claims, whether known or unknown, whether anticipated or unanticipated, arising out of or related to any past, present and future remediation efforts by Genz-Ryan related to such product; provided however that, such release of claims shall not include claims for the negligent acts or omissions willful and wanton misconduct, or faulty workmanship of Genz-Ryan or of its agents, directors, officers, employees or related or affiliated companies.

4. **Severability.** In the event that any term or provision of this Agreement is unenforceable under applicable law, the validity or enforceability of the remaining terms and provisions will not be affected. To the extent any term or provision of this Agreement is judicially determined to be unenforceable, a court of competent jurisdiction shall reform any such term or provision to make it enforceable. The terms and provisions of this Agreement will, where possible, be interpreted so as to sustain its legality and enforceability.

5. **Governing Law; Disputes; and Attorneys' Fees.** This Agreement shall be governed by the laws of the State of Minnesota. For the purpose of resolving any dispute with respect to this Agreement, each party agrees to non-

1

exclusive personal jurisdiction and venue in the United States District Courts for the District of Minnesota (and any Minnesota State Court within that District). The prevailing party in any litigation to enforce the terms of this Agreement (including, but not limited to, the enforceability and validity of this Agreement) shall also be entitled to the recovery of its legal costs and expenses and attorneys' fees.

6. In consideration of Genz-Ryan foregoing other business opportunities to deal with the issues related to the Affected Joists, Weyerhaeuser agrees to pay Genz-Ryan for its costs incurred in furnishing services relating to the Affected Joists or the remediation thereof..

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as set forth below.

WEYERHAEUSER NR COMPANY

By: [signature]

Its: SVP Wood Products

Date: December 14, 2017

GENZ-RYAN PLUMBING AND HEATING CO.

By: [signature]

Its: President

Date: 12-14-17

2