**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Genz-Ryan Plumbing and Heating Co., | Civil File No.: 18-CV-1905 (JNE/BRT) |
| Plaintiff, | |
| v. | **PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT** |
| Weyerhaeuser NR Company, | |
| Defendant. | |

---

## INTRODUCTION

From their inception in 1938 to the present, the Federal Rules of Civil Procedure have expressly permitted parties to plead alternative and inconsistent claims and defenses as currently memorialized by Fed. R. Civ. P. 8(d). For example, the Rules have always permitted a plaintiff to plead a claim for breach of contract as well as alternative and inconsistent claims for equitable relief such as promissory estoppel and unjust enrichment. To that end, there are legions of cases holding that the existence of an express contract does not preclude a plaintiff from pleading alternative claims for equitable relief such as promissory estoppel and quantum meruit in the first instance.

As detailed in its well-pleaded Complaint, Plaintiff Genz-Ryan Plumbing and Heating Co. ("Genz-Ryan") alleges that Defendant and self-styled "Counterclaim Plaintiff" Weyerhaeuser NR Company ("Weyerhaeuser") materially breached the parties' verbal and written contracts concerning the remediation of Weyerhaeuser's deleterious

residential fire-proofing product because it has paid Genz-Ryan *nothing* under *either* contract to date. In the alternative, Genz-Ryan has alleged equitable claims for promissory estoppel as well as unjust enrichment/quantum meruit against Weyerhaeuser as permitted under Rule 8(d).

By its instant motion to dismiss, Weyerhaeuser does not dispute the sufficiency of Genz-Ryan's Complaint. Indeed, Weyerhaeuser tacitly concedes that Genz-Ryan has plead sufficient facts stating claims for breach of contract, promissory estoppel, and unjust enrichment/quantum meruit to withstand a motion to dismiss under Rule 12(b)(6). Instead, Weyerhaeuser argues – *without a single citation to apposite authority* – that the existence of an express contract precludes Genz-Ryan from pleading alternative equitable claims for relief in the first instance. As detailed below, Rule 8(d) expressly permits Genz-Ryan to plead alternative claims for equitable relief in addition to its breach of contract claims such that Weyerhaeuser's motion to dismiss is at best premature and should therefore be denied.

**FACTS**

**I.   Background.**

At all times relevant herein, Weyerhaeuser designed, manufactured, and sold a residential floor joist product named "TJI Joists with Flak Jacket Protection" (the "Product") which incorporated a formaldehyde-based resin for fire protection. Pl.'s Compl. at ¶ 6; Def.'s Mem. L. Supp. Mot. Dismiss at 1-2. In or around July 2017, Weyerhaeuser halted all production, sales, and shipments of the Product due to the serious health risks posed by its formaldehyde-based resin, and recalled the Product to

preclude its incorporation into additional homes. Pl.'s Compl. at ¶ 7; Def.'s Mem. L. Supp. Mot. Dismiss at 1-2. As a result, Weyerhaeuser also committed to "cover the cost to either remediate or replace affected joists." Id.

Currently, Weyerhaeuser is defending multiple class action lawsuits brought by homeowners whose homes incorporated the Product. See, e.g., Dennis Esanbock v. Weyerhaeuser Company, Case No.: 0:17-CV-03703, United States District Court, District of Minnesota; https://bergermontague.com/cases/weyerhaeuser-lawsuit-tji-joists-with-flak-jacket/ (providing "Berger Montague has filed class action complaints in Colorado, Delaware, New Jersey, New York, Minnesota, and Pennsylvania on behalf of consumers who purchased Weyerhaeuser's TJI Joists with Flak Jacket").

**II.    The Remediation Work.**

Weyerhaeuser contracted BluSky Restoration Contractors, LLC ("BluSky") as its principal remediation contractor for the homes incorporating the Product. Pl.'s Compl. at ¶ 8. In September 2017, BluSky subcontracted Genz-Ryan to furnish the remediation work for the Minnesota homes incorporating the Product including more than 100 single-family and multi-family homes built by CalAtlantic Group, Inc. ("CalAtlantic"). Id. at ¶ 9. At all times relevant to this lawsuit, Genz-Ryan served as CalAtlantic's plumbing, heating, ventilation, and air conditioning subcontractor for these homes. Id. at ¶ 9.

On December 7, 2017, representatives of Weyerhaeuser, CalAtlantic, Genz-Ryan, and BluSky met to discuss the Minnesota remediation work necessitated by the Product, and accelerating Genz-Ryan's schedule to complete this work at Weyerhaeuser's request.

Pl.'s Compl. at ¶ 10. At this meeting, Weyerhaeuser, CalAtlantic, Genz-Ryan, and BluSky agreed to the following:

    a.    Genz-Ryan agreed to dedicate the labor force and other resources necessary to accelerate its schedule and complete the remaining remediation work per Weyerhaeuser's request;

    b.    In consideration for Genz-Ryan accelerating its schedule to complete the remediation work, Weyerhaeuser agreed to pay Genz-Ryan for all of its past and continuing costs, losses, and damages including all of its lost business opportunities and profits arising from – or related to – the remediation work previously furnished by Genz-Ryan as well as the remediation work to be furnished by Genz-Ryan under the accelerated schedule; and

    c.    Notwithstanding any prior contractual obligation to the contrary, CalAtlantic and BluSky consented to Genz-Ryan contracting directly with Weyerhaeuser, and receiving additional payment from Weyerhaeuser, as provided above in (a) and (b) above.

Id. From December 7, 2017 to the present, Genz-Ryan has performed the remediation work in accordance with Weyerhaeuser's accelerated schedule. Id. at ¶ 12.

On December 14, 2017, Weyerhaeuser and Genz-Ryan entered into an Indemnity Agreement whereby Weyerhaeuser also agreed to indemnify, defend, and hold Genz-Ryan from all claims, losses, costs, damages, fees, and expenses arising from the Product, and to pay Genz-Ryan as follows:

> In consideration of Genz-Ryan foregoing other business opportunities to deal with the issues related to the [Product,] Weyerhaeuser agrees to pay Genz-Ryan for its costs incurred in furnishing services relating to the [Product] or the remediation thereof.

Id. at ¶ 13; J. Saleel Decl. Ex. A. Weyerhaeuser materially breached the parties' verbal contract and the Indemnity Agreement because it has failed to make a single payment to Genz-Ryan under either contract. Id. at ¶ 14.

4

### III.     The Lawsuit.

In June 2018, Genz-Ryan sued Weyerhaeuser in Dakota County, Minnesota District Court alleging claims for breach of contract as well as alternative equitable claims for promissory estoppel and unjust enrichment/quantum meruit.  Pl.'s Compl.  In turn, Weyerhaeuser removed the lawsuit to the United States District Court for the District of Minnesota in July 2018.  Def.'s Not. Removal.  In lieu of filing an Answer, Weyerhaeuser filed its instant motion to dismiss Genz-Ryan's equitable claims for promissory estoppel and unjust enrichment/quantum meruit as well as a Counterclaim seeking declaratory relief relative to the parties' verbal contract.  As detailed below, Weyerhaeuser's motion to dismiss should be denied.

## ARGUMENT

### I.     Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

Pursuant to Fed. R. Civ. P. 8, "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief [] and a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(2), (3).  Likewise, "[a] party may set out 2 or more statements of a claim…alternatively or hypothetically, either in a single count…or in separate ones."  Fed. R. Civ. P. 8(d)(2) (providing that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient").  To that end, "[a] party may state as many separate claims…as it has, regardless of consistency."  Fed. R. Civ. P. 8(d)(3); see Fed. R. Civ. P. 8(e) (providing that "[p]leadings must be construed so as to do justice").

Under Rule 8, it is axiomatic that a plaintiff may allege a claim for breach of contract as well as alternative equitable claims for promissory estoppel and unjust enrichment/quantum meruit despite their inconsistency. *See, e.g.,* Turley Martin Co. v. Gilman Paper Co., 905 F.2d 235, 237 (8th Cir. 1990) (holding that "[defendant] cites no law that forbids a party from pleading quantum meruit as an alternative theory of recovery to a contract claim, just as the law does not forbid the pleading of alternative theories to other claims").

Indeed, pleading such equitable claims in the alternative is permitted even when an express contract exists between the parties:

> [Defendant] first contends that the existence of an express contract precludes recovery under a theory of unjust enrichment. The Federal Rules of Civil Procedure expressly permit a party to plead alternative or inconsistent claims or defenses. For this reason, courts routinely decline to dismiss unjust enrichment claims when pled in the alternative.

Monro Advertising, LLC v. Vera Bradley Designs, Inc., 285 F.Supp.3d 1087, 1091 (D. Minn. 2018); *accord* United States v. R.J. Zavoral & Sons, Inc., 894 F.Supp.2d 1118, 1127 (D. Minn. 2012); Cummins Law Office, P.A. v. Norman Graphic Printing Co., Ltd., 826 F.Supp.2d 1127, 1129 (D. Minn. 2011); Daigle v. Ford Motor Co., 713 F.Supp.2d 822, 828 (D. Minn. 2010); In re Levaquin Products Liability Litigation, 752 F.Supp.2d 1071, 1081 (D. Minn. 2010); Bank of Montreal v. Avalon Capital Group, Inc., 743 F.Supp.2d 1021, 1032 (D. Minn. 2010).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashencroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 570 (2007)); Neighborhood Enterprises, Inc. v. City of St. Louis, 540 F.3d 882, 884-85 (8th Cir. 2008) (providing that the Court accepts all facts alleged in the Complaint as true and grants all reasonable inferences to plaintiff when considering a motion to dismiss under Rule 12(b)(6)).

Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashencroft, 556 U.S. at 678 (*citing* Twombly, 550 U.S. at 556). To that end, "once a claim has been stated adequately, it may be supported by showing *any* set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563 (emphasis added). After all, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote or unlikely.'" Id. at 556 (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**II.   Weyerhaeuser's Motion to Dismiss Counts II and III of Genz-Ryan's Complaint Should be Denied.**

By its well-pleaded Complaint, Genz-Ryan has alleged the breach of both a verbal and a written contract (*i.e.*, the Indemnity Agreement) arising from Weyerhaeuser's undisputed failure to pay Genz-Ryan for the remediation of the Product under either contract. Genz-Ryan has also alleged equitable claims for promissory estoppel and unjust enrichment/quantum meruit in the alternative. Under Rule 8(d), Genz-Ryan is permitted to plead claims for breach of contract as well as alternative equitable claims for

promissory estoppel and unjust enrichment/quantum meruit. Therefore, Weyerhaeuser's motion should be denied.

Indeed, Weyerhaeuser fails to address Rule 8(d) in its motion, and otherwise fails to cite a single published case from any jurisdiction holding that a plaintiff is precluded from simultaneously alleging a claim for breach of contract as well as alternative equitable claims such as promissory estoppel and unjust enrichment in the first instance. The two unpublished Minnesota District Court decisions cited by Weyerhaeuser are inapposite. *See* Afremov v. Jarayan, No. 11-313, 2012 WL 1049739 at * 8 n. 5 (D. Minn. Mar. 28, 2012) (noting the efficacy of pleading alternative equitable theories when plaintiff alleges the existence of a verbal contract); First Integrity Bank, N.A. v. Ohio Cas. Ins. Co., No. 05-2761, 2006 WL 137164 at * 5 (D. Minn. May 15, 2006) (dismissing unjust enrichment claim where the parties agreed that their written contract controlled their respective rights, obligations, and remedies). Therefore, Weyerhaeuser's motion should be denied.

While beyond the scope of Weyerhaeuser's instant motion to dismiss Genz-Ryan's equitable claims, it is important to note that the Indemnity Agreement does not constitute a fully integrated contract (*e.g.*, it does not contain an integration clause), and the parties' verbal agreement is entirely consistent with the express terms of the Indemnity Agreement. *See, e.g.,* Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minnesota, 664 N.W.2d 303, 312-313 (Minn. 2003) (holding that "[i]f it appears from the circumstances surrounding the case that the parties did not intend the agreement to be a

complete integration, then parol evidence can be used to prove the existence of a separate consistent oral agreement").

Under Minnesota law, "[n]ot only the existence of a contract, but also the terms and construction of that contract are questions of fact to be determined by the fact finder." Bergstedt, Walhberg, Berquist Assocs., Inc. v. Rothchild, 302 Minn. 476, 480, 255 N.W.2d 261, 263 (1975) (holding that "[w]ords are not the only medium of commercial expression, and no legal distinction can be made in the effect of a promise whether it is expressed in writing, orally, in the acts of the parties, or a combination of means"). To that end, "it is generally recognized that if the terms of a contract are at issue or any of its provisions are uncertain, summary judgment is not appropriate." In re Turner Crossroad Dev. Co., 277 N.W.2d 364, 368 (Minn. 1979).

In this case, Genz-Ryan has sufficiently plead claims for breach of the parties' verbal contract, their Indemnity Agreement, and alternative equitable claims for promissory estoppel and unjust enrichment/quantum meruit. To that end, Genz-Ryan is entitled to conduct discovery on all of these claims. To date, the parties have not (1) exchanged their respective Rule 26(a) Initial Disclosures, (2) served interrogatories, document requests, or any other written discovery, or (3) taken any depositions. Under the circumstances, Weyerhaeuser's motion to dismiss Genz-Ryan's equitable claims is at best premature. Therefore, Weyerhaeuser's motion should be denied.

|  | **DROEL, PLLC** |
|---|---|
| Date: August 3, 2018 | /s/ J. Matthew Berner<br>Tim L. Droel (#338758)<br>J. Matthew Berner (#0293167)<br>7900 Xerxes Avenue South, Suite 1930<br>Bloomington, Minnesota 55431<br>Telephone: (952) 835-1614<br>Facsimile: (952) 835-1737<br>tdroel@droellaw.com<br>jberner@droellaw.com<br><br>**ATTORNEYS FOR PLAINTIFF GENZ-RYAN PLUMBING AND HEATING CO.** |