IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Genz-Ryan Plumbing and Heating Co., | Case No.: 18-cv-1905 JNE/BRT |
| | Hon. Joan N. Ericksen |
| Plaintiff, | |
| v. | **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II AND III PURSUANT TO F.R.C.P. 12(b)(6)** |
| Weyerhaeuser NR Company, | |
| Defendant. | |

Plaintiff claims that Rule 8 permits it to plead in the alternative. That may be true, but it does not permit a party to plead an impossibility. There is no dispute between the parties that there is a contract governing the parties' relationship. Given that fact – pleaded by Plaintiff and admitted by Weyerhaeuser – there is no factual basis for Plaintiff's equitable claims. Plaintiff's Counts II and III must, therefore, be dismissed.

**ARGUMENT**

Plaintiff's reliance on Rule 8 confuses pleading inconsistent claims with pleading an impossibility. Weyerhaeuser does not dispute that Plaintiff is generally permitted to plead inconsistent remedies. But, as numerous courts have recognized, such inconsistencies are not permitted where a plaintiff's own factual allegations result in defeat of an "alternative" claim. Rule 8 may permit Plaintiff generally to assert inconsistent claims and preserve the ability to elect the remedy it ultimately seeks. However, at no

1

point, on the facts alleged, will Plaintiff be able to elect an equitable remedy because the parties agree that there is a contract which governs their relationship.

In support of its position, Plaintiff relies solely on cases where there was at least a plausible basis for the plaintiff to collect under the equitable claims asserted, either because of an issue with the contract, or because the equitable claims related to conduct outside the scope of the contract. Each of the cases is readily distinguishable from this one. See, e.g., Monro Advertising, LLC v. Vera Bradley Designs, Inc., 285 F.Supp.3d 1087, 1091 (D. Minn. 2018) (defendant challenged applicability of contract as well as equitable claim); United States v. R.J. Zavoral & Sons, Inc., 894 F.Supp.2d 1118, 1127 (D. Minn. 2012) (declining to dismiss equitable claims as inconsistent to claims under False Claims Act, not an express contract); Cummins Law Office, P.A. v. Norman Graphic Printing Co., Ltd., 826 F.Supp.2d 1127, 1129 (D. Minn. 2011) (permitting alternative assertion of equitable claims where defendant challenged contract claim based on failure to comply with conditions precedent); Daigle v. Ford Motor Co., 713 F.Supp.2d 822, 828 (D. Minn. 2010) (permitting equitable claims where defendant challenged availability of legal remedies); In re Levaquin Products Liability Litigation, 752 F.Supp.2d 1071, 1081 (D. Minn. 2010) (defendant challenged sufficiency of express warranty and other legal claims); Bank of Montreal v. Avalon Capital Group, Inc., 743 F.Supp.2d 1021, 1032 (D. Minn. 2010) (permitting alternative equitable claims to proceed, noting that "[a]t this point, [plaintiff] does not appear to have a contract claim against [defendant]").

Plaintiff's reliance on Turley Martin Co. v. Gilman Paper Co., 905 F.2d 235, 237 (8th Cir. 1990), is also misplaced. The Turley court addressed, in part, appellant's

contention that a quantum meruit claim was not properly submitted to a jury, *under Missouri law*, because it was a *real estate commission* case. The court's note that appellant had cited no authority barring plaintiff from pleading in the alternative is plainly dicta, and made in conjunction to a very different procedural question, based on a different state's law.

In each of the cases cited by Plaintiff the defendant challenged the contract or other legal remedy in some manner and there was some question as to whether a plaintiff may be left having suffered a loss, but without a legal remedy. Weyerhaeuser does not deny that a written contract governs the relationship between it and Genz-Ryan. Indeed, it concedes, as Genz-Ryan alleges and argues, that it controls the party's relationship. (Defendant's Memorandum of Law In Support of Its Motion to Dismiss ("Memo."), ECF No. 12, at 2-3, 5 ("Plaintiff[] allege[s], and Weyerhaeuser does not dispute, that the parties' relationship is governed by contract."); Complaint, ECF No. 1, ¶¶ 13-14; Plaintiff's Memorandum of Law In Response to Defendant's Motion to Dismiss ("Resp."), at 4, ("Weyerhaeuser materially breached the parties' verbal contract and the Indemnity Agreement because it has failed to make a single payment to Genz-Ryan under either contract."); Plaintiff's Answer to Defendant's Counterclaim, ECF No. 18, ¶ 21 ("Genz-Ryan admits that Defendant and Genz-Ryan entered the Indemnification Agreement on or about December 14, 2017, as alleged in Genz-Ryan's Complaint."))

With these allegations, and Weyerhaeuser's admission, there is no plausible set of facts Genz-Ryan could prove, whether alleged presently or not, that would entitle it to recovery under its two equitable claims. As is apparent from Plaintiff's Complaint, the

contract and equitable claims arise from exactly the same acts and omissions as the contract claim. (See Memo., at 6, 8 (comparing allegations in support of contract and equitable claims).) Accordingly, because Plaintiff's equitable claims lack a plausible factual basis, and are legally barred under Minnesota law, Plaintiff has not asserted a claim for unjust enrichment or promissory estoppel. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss).

Indeed, on facts and allegations *like those made by Plaintiff*, courts routinely dismiss improper claims for equitable relief. Plaintiff made no attempt to distinguish the two cases from this District cited in Weyerhaeuser's Memorandum in which equitable claims were dismissed because a contract controlled the parties' relationship. *See* Memo. at 5, 7; Afremov v. Jarayan, No. 11-313 (SRN/SER), 2012 WL 1049739 (D. Minn. Mar. 28, 2012); First Integrity Bank, N.A. v. Ohio Cas. Ins. Co., No. 05-2761 (MJD/RLE), 2006 WL 1371674 (D. Minn. May 15, 2006) (dismissing unjust enrichment claim where the parties agreed that their written contract controlled their respective rights, obligations, and remedies). Unable to distinguish the cases, Plaintiff simply asserted that the cases were "inapposite," providing no explanation why that was the case. (Resp. at 8.)

But Plaintiff is wrong that the cases are inapposite. They are directly on point. In Afremov, Defendants filed counterclaims, including claims for both breach of contract and promissory estoppel. However, the court held that "the existence of the written [] contract – which Defendants not only do not challenge but on which they affirmatively rely – also precludes Count Seven, alleging promissory estoppel." 2012 WL 1049739, at *8. In

4

further explanation of its dismissal of the promissory estoppel claim, the court addressed exactly the argument Plaintiff makes regarding alternative pleading in a footnote. It stated: "Defendants argue that they are entitled to plead alternative theories. True enough. . . . Here however, not only is there no factual dispute that the parties entered into a valid written contract, Defendants premise Count One of their Counterclaims on that contract." Id. at *8, n. 5 (citations omitted). That is exactly the circumstance here.

Similarly, in First Integrity Bank, the court held that because "the parties agree that a valid and enforceable contract governs the dispute. . . . an equitable claim for unjust enrichment cannot lie" and dismissed the claim on the defendant's 12(b)(6) motion. 2006 WL 1371674, at *5. Again, that is precisely the case here. Contrary to Plaintiff's bald and unsupported assertion, each of these cases is entirely apposite.

The courts in First Integrity Bank and Afremov are not outliers. To the contrary, there are legion cases, including published cases, around the country in which courts have held that where the parties do not dispute the validity or application of the contract, a plaintiff cannot adequately plead equitable claims notwithstanding Rule 8's allowance for alternative pleading. This is because where the parties agree to the existence of the contract there is no plausible alternative, and so plaintiffs do not assert a factually plausible basis for recovery. See, e.g., Harley Marine Servs., Inc. v. Manitowoc Marine Grp., LLC, 759 F. Supp. 2d 1059, 1062-63 (E.D. Wis. 2010) ("where a plaintiff asserts a breach of contract claim and fails to allege any facts from which it could at least be inferred that the contract on which that claim is based might be invalid, the plaintiff is precluded from pleading in the alternative claims that are legally incompatible with the contract claim."); Air Atlanta

5

Aero Engineering Limited v. SP Aircraft Owner I, LLC, 674 F.Supp.2d 547, 549 (S.D.N.Y. 2009) (granting motion to dismiss promissory estoppel claim where plaintiff also alleges a breach of contract claim and did not allege the contract was invalid or unenforceable); Plesha v. Ferguson, 725 F.Supp.2d 106, 112 (D.D.C. 2010) (dismissing equitable claims because plaintiff relied on a contract, and "Defendants do not dispute the existence of a contract"); American Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C., 426 F.Supp.2d 1356, 1371–72 (N.D. Ga. 2006) ("When neither side disputes the existence of a valid contract, the doctrine of promissory estoppel does not apply, even when it is asserted in the alternative."); In re Gen. Motors LLC Ignition Switch Litig., 257 F.Supp.3d 372, 461 (S.D.N.Y. 2017) ("Here, Smith does not bring a contract claim per se, but she does allege the existence of a contract. . . . Accordingly, New GM's motion to dismiss Smith's unjust enrichment claim under Wisconsin law is granted."), modified as to unrelated issue on reconsideration, No. 14-MC-2543 (JMF), 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017); Boulet v. Nat'l Presto Indus., Inc., No. 11-CV-840-SLC, 2012 WL 12996297, at *12 (W.D. Wis. May 7, 2012) ("it is plain from the facts alleged in the complaint that Boulet entered into a contract for the purchase of his CoolDaddy®. Even if pleaded in the alternative, Boulet's unjust enrichment claim must be dismissed because there are no facts alleged to plausibly support it."); Decatur Ventures, LLC v. Stapleton Ventures, Inc., 373 F.Supp.2d 829, 849 (S.D. Ind. 2005) ("Plaintiffs' unjust enrichment claim becomes superfluous when neither side disputes the existence of a valid contract, even if it is being alleged in the alternative. . . . Plaintiffs went so far as to attach copies of the express contracts between Decatur and NovaStar to their complaint, and NovaStar does not dispute the existence or

validity of the contracts. Accordingly, Plaintiffs' unjust enrichment claim is inappropriate."); Synesiou v. DesignToMarket, Inc., No. 01-5358, 2002 WL 501494, at *4 (E.D. Pa. Apr. 3, 2002) ("Thus, because the parties agree that a valid employment agreement exists here, Synesiou cannot maintain a claim for either promissory estoppel or unjust enrichment, as neither theory is available to provide Synesiou with relief."); Conerly Corp. v. Regions Bank, No. CIV.A. 08-813, 2008 WL 4975080, at *9 (E.D. La. Nov. 20, 2008) (granting motion to dismiss unjust enrichment claim where brought against "the party with which plaintiffs undisputedly entered into a contract for the services performed."); See also, O'Gea v. Home Depot USA, Inc., No. CIV.A 08-4744, 2009 WL 799757, at *6 (E.D. La. Mar. 20, 2009) (denying motion to amend pleadings to add unjust enrichment claim as futile "[b]ecause O'Gea has alternative remedies at law, [and therefore] he cannot assert a claim for unjust enrichment.")[1]

These cases provide considered guidance as to when, notwithstanding Rule 8's liberal pleading standards, equitable claims fail as a matter of law when a plaintiff pleads the existence of a contract. This wealth of authority shows that in exactly this situation –

---

[1] On August 3, Plaintiff's counsel sent a letter and accompanying Motion for Sanctions under Federal Rule of Civil Procedure 11. In the proposed Motion, Plaintiff accuses Weyerhaeuser of "knowingly fil[ing] a motion that is not warranted under existing law" in "bad faith and for improper purposes such as to harass, cause unnecessary delay, and needlessly increase the cost of this litigation." As the cases cited above make clear, Weyerhaeuser had ample justification in filing its motion. Indeed, in all the cases presented to the Court by either party, when courts have been faced with situations similar to that here, they have granted motions like that brought by Weyerhaeuser. Weyerhaeuser hopes Plaintiff's counsel will think better of it, and not pursue an unjustified motion at the end of the Rule 11 waiting period. Should they choose to file the motion regardless, Weyerhaeuser will respond to the substance of the motion at the appropriate time.

where the parties do not dispute the contract – equitable claims cannot be sustained, even if pleaded in the alternative.

It is also relevant and illuminating that Plaintiff does not attempt to articulate – in its current pleadings or through proposed amended allegations – the circumstances under which it *could* recover under either of its equitable claims. That is because there is no such circumstance. Plaintiff's equitable claims can only be sustained in the absence of a contract. See, e.g., Caldas v. Affordable Granite & Stone, Inc., 820 N.W.2d 826, 838 (Minn. 2012) (holding that unjust enrichment "does not apply when there is an enforceable contract that is applicable."); Banbury v. Omnitrition Int'l, Inc., 533 N.W.2d 876, 880–81 (Minn. App. 1995) (stating that "promissory estoppel claim must fail as a matter of law" where "a contract did, in fact, exist"); Memo. at 6-8. Because Weyerhaeuser does not dispute the existence of a controlling contract, Plaintiff would have to establish that a contract does not exist to recover on its equitable claims; having pleaded a valid contract, which Weyerhaeuser admits, it cannot establish the prerequisites of equitable relief.

This dispute is about whether a purported oral promise to pay lost profits during the negotiations of a written agreement is barred by the parol evidence rule, and whether Plaintiff has been paid what it is owed under the contracts. Regardless of how this litigation proceeds, those questions will be answered by interpretation of a written contract which is not in dispute between the parties. Plaintiff's equitable claims are superfluous, irrelevant, and without a plausible factual or legal basis, and should be dismissed.

## CONCLUSION

Plaintiff seeks to bring equitable claims where there is a valid contract governing the parties' relationship.  Minnesota law does not permit such claims.  Accordingly, this Court should dismiss Plaintiff's Counts II and III without leave to amend.

Respectfully Submitted

Dated:   August 17, 2018.          s/ S. Jamal Faleel
                                   S. Jamal Faleel, Esq. (#0320626)
                                   Andrew Schalkwyk, Esq. (#0399837)
                                   BLACKWELL BURKE P.A.
                                   431 South Seventh Street, Suite 2500
                                   Minneapolis, MN 55415
                                   (612) 343-3200
                                   (612) 343-3205 (facsimile)
                                   jfaleel@blackwellburke.com
                                   aschalkwyk@blackwellburke.com

                                   *Attorneys for Defendant*