UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Genz-Ryan Plumbing and Heating Co., | Civil File No.: 18-CV-1905 (JNE/BRT) |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR SANCTIONS** |
| Weyerhaeuser NR Company, | |
| Defendant. | |

Plaintiff Genz-Ryan Plumbing and Heating Co. ("Genz-Ryan") will move the Court for an Order imposing monetary sanctions against Defendant Weyerhaeuser NR Company's ("Weyerhaeuser's") attorneys of record for violating Fed. R. Civ. P. 11(b) unless Weyerhaeuser withdraws its pending "Motion to Dismiss Counts II and III Pursuant to F.R.C.P. 12(b)(6)" within twenty-one (21) days from the date hereof.

**I.    Standard for Imposing Rule 11 Sanctions.**

Pursuant to Fed. R. Civ. P. 11(b), an attorney signing and filing a motion with the Court certifies that the legal contentions contained therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law. Fed. R. Civ. P. 11(b)(2). In determining whether Rule 11(b)(2) has been violated, the Court "must determine whether a reasonable and competent attorney would believe in the merit of an argument." Coons v. Potts, 316 F.3d 745, 753 (8th Cir. 2003) (internal citations omitted). Likewise, an attorney signing and filing a motion with the Court

certifies that the motion "is not being presented for improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation…" Fed. R. Civ. P. 11(b)(1).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

**II.     Genz-Ryan's Motion for Sanctions Should be Granted unless Weyerhaeuser Withdraws its Motion to Dismiss.**

Pursuant to Fed. R. Civ. P. 8, "[a] party may set out 2 or more statements of a claim…alternatively or hypothetically, either in a single count…or in separate ones." Fed. R. Civ. P. 8(d)(2) (providing that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient"). To that end, "[a] party may state as many separate claims…as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

Under Rule 8, it is axiomatic that a plaintiff may allege a claim for breach of contract as well as alternative equitable claims for promissory estoppel and unjust enrichment/quantum meruit despite their inconsistency. *See, e.g.,* Turley Martin Co. v. Gilman Paper Co., 905 F.2d 235, 237 (8th Cir. 1990) (holding that "[defendant] cites no law that forbids a party from pleading quantum meruit as an alternative theory of

recovery to a contract claim, just as the law does not forbid the pleading of alternative theories to other claims").

Indeed, pleading such equitable claims in the alternative is permitted even when an express contract exists between the parties:

> [Defendant] first contends that the existence of an express contract precludes recovery under a theory of unjust enrichment. The Federal Rules of Civil Procedure expressly permit a party to plead alternative or inconsistent claims or defenses. For this reason, courts routinely decline to dismiss unjust enrichment claims when pled in the alternative.

Monro Advertising, LLC v. Vera Bradley Designs, Inc., 285 F.Supp.3d 1087, 1091 (D. Minn. 2018); *accord* United States v. R.J. Zavoral & Sons, Inc., 894 F.Supp.2d 1118, 1127 (D. Minn. 2012); Cummins Law Office, P.A. v. Norman Graphic Printing Co., Ltd., 826 F.Supp.2d 1127, 1129 (D. Minn. 2011); Daigle v. Ford Motor Co., 713 F.Supp.2d 822, 828 (D. Minn. 2010); In re Levaquin Products Liability Litigation, 752 F.Supp.2d 1071, 1081 (D. Minn. 2010); Bank of Montreal v. Avalon Capital Group, Inc., 743 F.Supp.2d 1021, 1032 (D. Minn. 2010).

By its pending motion to dismiss, Weyerhaeuser argues that Genz-Ryan is precluded from alleging claims for breach of contract and alternative claims for promissory estoppel and unjust enrichment/quantum meruit in the first instance. In so arguing, Weyerhaeuser fails to address Fed. R. Civ. P. 8 and countless published cases which expressly hold otherwise. Indeed, Weyerhaeuser does not – because it simply cannot – cite any binding authority to justify its contention that Genz-Ryan is precluded from pleading a claim for breach of contract along with inconsistent equitable claims for promissory estoppel and unjust enrichment/quantum meruit in the first instance.

In light of the foregoing, Weyerhaeuser's attorneys have knowingly filed a motion that is not warranted under existing law in violation of Fed. R. Civ. P. 11(b)(2). Indeed, Weyerhaeuser makes no argument for the extension, modification, or reversal of existing law because there is no legitimate basis for such an argument. Fed. R. Civ. P. 11(b)(2). To that end, it is clear that Weyerhaeuser filed this motion in bad faith and for improper purposes such as to harass, cause unnecessary delay, and needlessly increase the cost of this litigation in violation of Fed. R. Civ. P. 11(b)(1).

Unless Weyerhaeuser withdraws its pending "Motion to Dismiss Counts II and III Pursuant to F.R.C.P. 12(b)(6)" within twenty-one (21) days from the date hereof, Genz-Ryan will file its instant Motion for Sanctions and seek to impose monetary sanctions against Weyerhaeuser's attorneys of record. *See* Fed. R. Civ. P. 11(c)(4).

**DROEL, PLLC**

Date: August 3, 2018

/s/ J. Matthew Berner
Tim L. Droel (#338758)
J. Matthew Berner (#0293167)
7900 Xerxes Avenue South, Suite 1930
Bloomington, Minnesota 55431
Telephone: (952) 835-1614
Facsimile: (952) 835-1737
tdroel@droellaw.com
jberner@droellaw.com

**ATTORNEYS FOR PLAINTIFF GENZ-RYAN PLUMBING AND HEATING CO.**