UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Genz-Ryan Plumbing and Heating Co.,

   Plaintiff,

v.            Civil No. 18-1905 (JNE/BRT)
             ORDER
Weyerhaeuser NR Company,

   Defendant.

   Genz-Ryan Plumbing and Heating Co. ("Genz-Ryan") sued Weyerhaeuser NR

Company ("Weyerhaeuser") in Minnesota state court, bringing breach of contract,

promissory estoppel, and unjust enrichment claims. Weyerhaeuser removed to federal

court, counterclaimed for declaratory relief, and moved to dismiss Genz-Ryan's equitable

claims under Federal Rule of Civil Procedure 12(b)(6). Genz-Ryan opposed

Weyerhaeuser's Motion to Dismiss and moved for sanctions under Federal Rule of Civil

Procedure 11. This matter is before the Court on Weyerhaeuser's Motion to Dismiss and

Genz-Ryan's Motion for Sanctions.

## Background

   Weyerhaeuser is a timber and wood products company. In or around July 2017,

Weyerhaeuser discovered that one of its products, "TJI Joists with Flak Jacket

Protection" ("Product"), was emitting formaldehyde and had to be remediated.

Weyerhaeuser contracted with BlueSky Restoration Contractors, LLC ("BlueSky") to

remediate the Product in Minnesota homes. BlueSky subcontracted Genz-Ryan for

remediation services in homes built by CalAtlantic Group, Inc. ("CalAtlantic"). From

1

December 7, 2017 to the present, Genz-Ryan performed remediation services on homes that incorporated the Product.

Genz-Ryan alleges that two contracts govern the remediation work. First, on December 7, 2017, Weyerhaeuser, Genz-Ryan, BlueSky, and CalAtlantic supposedly entered into an Oral Agreement ("Oral Agreement"),[1] whereby Genz-Ryan agreed to accelerate its remediation work schedule in exchange for Weyerhaeuser paying its "past and continuing costs, losses, and damages including all of its lost business opportunities and profits arising from – or related to – the remediation work previously furnished by Genz-Ryan as well as the remediation work to be furnished by Genz-Ryan under the accelerated schedule."[2] Notice of Removal, Ex. A, Pl.'s Compl. ¶ 11. Second, on December 14, 2017 the parties executed an Indemnification and Release Agreement ("Indemnification Agreement"), whereby Weyerhaeuser:

---

[1] Weyerhaeuser presumes the existence of the Oral Agreement for purposes of its Motion to Dismiss. *See* Def.'s Mem. in Supp. re Mot. to Dismiss 2-3 n.1, ECF No. 12. But Weyerhaeuser asserted in its Counterclaim that it did not enter into a binding Oral Agreement with Genz-Ryan on December 7, 2017. *See* Def.'s Countercl. ECF No. 9.

[2] In paragraph 11 of its Complaint, *see* Ex. A, ECF No. 1, Genz-Ryan alleged that the Oral Contract provided the following: "(a) Genz-Ryan agreed to dedicate the labor force and other resources necessary to accelerate its schedule and complete the remaining remediation work per Weyerhaeuser's request; (b) In consideration for Genz-Ryan accelerating its schedule to complete the remediation work, Weyerhaeuser agreed to pay Genz-Ryan for all of its past and continuing costs, losses, and damages including all of its lost business opportunities and profits arising from – or related to – the remediation work previously furnished by Genz-Ryan as well as the remediation work to be furnished by Genz-Ryan under the accelerated schedule; and (c) Notwithstanding any prior contractual obligation to the contrary, CalAtlantic and BluSky consented to Genz-Ryan contracting directly with Weyerhaeuser, and receiving additional payment from Weyerhaeuser, as provided above in (a) and (b) above."

agreed to indemnify, defend, and hold Genz-Ryan from all costs, damages, fees, and expenses arising from the Product, and to pay Genz-Ryan as follows:

> In consideration of Genz-Ryan foregoing other business opportunities to deal with the issues related to the [Product], Weyerhaeuser agrees to pay Genz-Ryan for its costs incurred in furnishing services relating to the [Product] or the remediation thereof.

Compl. ¶ 13. Genz-Ryan alleges Weyerhaeuser has not paid Genz-Ryan for services rendered under either contract, totaling $5,056,518.10 as of January 11, 2018, despite Genz-Ryan performing the remediation services in accordance with the accelerated schedule contemplated in the December 7, 2017 Oral Agreement. Compl. ¶¶ 12, 14. Genz-Ryan sued Weyerhaeuser for breach of contract, and in the alternative,[3] under theories of promissory estoppel and unjust enrichment. Weyerhaeuser filed a Motion to Dismiss and a Counterclaim seeking declaratory relief. ECF Nos. 10, 9. Genz-Ryan filed a Response to Weyerhaeuser's Motion to Dismiss and moved the Court to sanction Weyerhaeuser under Rule 11. ECF Nos. 16, 20. Weyerhaeuser filed a Reply to Genz-Ryan's responsive memorandum. ECF No. 19. For the reasons set forth below, the Court denies Weyerhaeuser's Motion to Dismiss and Genz-Ryan's Motion for Sanctions.

---

[3] Genz-Ryan did not expressly state that it pled its equitable claims in the alternative in its Complaint. *See generally* Compl. In its Response in Opposition to Weyerhaeuser's Motion to Dismiss, Genz-Ryan stated that its equitable claims were pled in the alternative to its contract claims in the Complaint. *See* Pl.'s Resp. 2, ECF No. 16.

<u>**Discussion**</u>

**I.     Weyerhaeuser's Motion to Dismiss Genz-Ryan's Promissory Estoppel and Unjust Enrichment Claims**

**A.  Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id*.  Plausibility is assessed by "draw[ing] on . . . judicial experience and common sense."  *Id*. at 679.  When reviewing a motion under Rule 12(b)(6), the Court "accept[s] as true the factual allegations contained in the complaint and draw[s] all reasonable inferences in favor of the nonmoving party." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 781 (8th Cir. 2009).

**B.  Genz-Ryan's Promissory Estoppel Claim**

Weyerhaeuser argues that Genz-Ryan failed to state a claim for promissory estoppel.  To state a claim for promissory estoppel, the complaint must allege that: (1) a clear and definite promise was made; (2) the promisor intended to induce reliance and the promisee in fact relied to his or her detriment; and (3) the promise must be enforced to prevent injustice.  *Martens v. Minn. Min. & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn. 2000).  Promissory estoppel works to "imply a contract in law where none exists in fact." *Grouse v. Group Health Plan, Inc.*, 306 N.W.2d 114, 116 (Minn. 1981).  When the facts are undisputed, such as on a motion to dismiss where courts accept the facts alleged in

the complaint as true, the question of "whether they rise to the level of promissory estoppel presents a question of law." *Martens*, 616 N.W.2d at 746.

Weyerhaeuser argues that the existence of an enforceable contract precludes Genz-Ryan from recovering under a theory of promissory estoppel. *See U.S. Fire Ins. Co. v. Minn. State Zoological Bd.*, 307 N.W.2d 490, 497 (Minn. 1981) ("[E]quitable relief cannot be granted where the rights of the parties are governed by a valid contract."); *see also Reisdorf v. i3, LLC*, 129 F. Supp. 3d 751, 771-72 (D. Minn. 2015) (dismissing promissory estoppel claim at summary judgment stage). There is no dispute that Genz-Ryan's promissory estoppel claim is inconsistent with its contract claim under the Oral Agreement.[4] These claims, which are nearly identical, could not both be presented to a jury. *See Reisdorf*, 129 F. Supp. 3d at 771 ("[A]n express contract covering the same subject matter will preclude the application of promissory estoppel."); *see also Krutchen v. Zayo Bandwidth Ne., LLC*, 591 F. Supp. 2d 1002, 1018 (D. Minn. 2008) (noting that because plaintiff's promissory estoppel claim was duplicative of its contract claim, only one claim may "ultimately proceed").

However, "[t]he Federal Rules of Civil Procedure expressly permit a party to plead alternative or inconsistent claims or defenses." *Mono Advert., LLC v. Vera Bradley Designs, Inc.*, 285 F. Supp. 3d 1087, 1091 (D. Minn. 2018) (citing Fed. R. Civ. P.

_____

[4] The difference between Genz-Ryan's promissory estoppel claim and its contract claim under the Oral Agreement boils down to Genz-Ryan's verb choice: the promissory estoppel claim asserts that Weyerhaeuser "promised" to pay Genz-Ryan in exchange for consideration and the contract claim asserts that Weyerhaeuser "contracted" with Genz-Ryan for the same pay in exchange for the same consideration. *See* Compl. ¶¶ 17, 23, 25; *see also* Def.'s Mem. in Supp. re Mot. to Dismiss 6, ECF No. 12 (comparing language in Genz-Ryan's claims).

8(d)(2)-(3)); *see also Turley Martin Co. v. Gilman Paper Co.*, 905 F.2d 235, 237 (8th Cir. 1990). At the motion to dismiss stage, courts "routinely permit the assertion of contract and quasi-contract claims together." *Cummins Law Office, P.A. v. Norman Graphic Printing Co.*, 826 F. Supp. 2d 1127, 1130 (D. Minn. 2011). Genz-Ryan is permitted to plead a promissory estoppel claim in the alternative, as it did in its Complaint.

Weyerhaeuser argues that even when pled in the alternative, Genz-Ryan's promissory estoppel claim lacks plausibility because the parties' relationship is governed by contract. According to Weyerhaeuser, Genz-Ryan's promissory estoppel claim can only be sustained in the absence of a contract and Genz-Ryan does not dispute the existence of governing contracts. This argument does not persuade the Court. It is possible that no contract controls the subject matter underlying Genz-Ryan's promissory estoppel claim for at least two reasons.

First, the Indemnification Agreement does not necessarily address the subject matter of Genz-Ryan's promissory estoppel claim: namely, it does not address Weyerhaeuser's alleged promise to pay Genz-Ryan lost business opportunities and profits to induce Genz-Ryan to accelerate its schedule.[5] *See* Compl., ECF No. 1. To be sure, Weyerhaeuser contends in its Counterclaim that the Indemnification Agreement "subsumed any and all prior negotiations" between the parties. *See* Countercl. ¶ 34, ECF

---

[5] Genz-Ryan contends that the Indemnification Agreement is not a fully integrated contract and that the Oral Agreement is consistent with the express terms of the Indemnification Agreement. *See* Pl.'s Resp. 8, ECF No. 16. Accordingly, for purposes of deciding the instant Motion to Dismiss, the Court assumes that the Indemnification Agreement does not control all aspects of the parties' agreement regarding compensation for the remediation work.

6

No. 9.  If the Court concludes that contention is true, Genz-Ryan may have difficulty

prevailing on its promissory estoppel claim because the Indemnification Agreement

would presumably govern.  However, drawing all reasonable inferences in Genz-Ryan's

favor, as the Court must do at this stage, the existence of the Indemnification Agreement

does not defeat Genz-Ryan's promissory estoppel claim because it does not address the

subject matter of the promissory estoppel claim—the alleged promise to pay for lost

business opportunities and profits.

Second, the Oral Agreement might not amount to a valid contract.  Although the

alleged Oral Agreement covers the same subject matter as Genz-Ryan's promissory

estoppel claim,[6] Weyerhaeuser disputes the validity of the Oral Agreement in its

Counterclaim.[7]  The Court, therefore, may ultimately find that the subject matter of

Genz-Ryan's promissory estoppel claim is not governed by a valid contract.  And in the

absence of a governing contract, Genz-Ryan could potentially state a promissory estoppel

claim.  This Court has previously allowed promissory estoppel claims to proceed under

similar circumstances.  *See Krutchen*, 591 F. Supp. 2d at 1018 (permitting promissory

_____

[6] Both the Oral Agreement and Genz-Ryan's promissory estoppel claim address
Weyerhaeuser's promise to pay Genz-Ryan all lost business opportunities and profits to
induce Genz-Ryan to accelerate its work schedule.  *See* Compl. ¶¶ 17, 23.

[7] Weyerhaeuser's Counterclaim seeks judicial declarations that the Indemnification
Agreement "subsumed any and all prior negotiations, discussions, and purported
agreements between the parties."  Countercl. ¶ 34, ECF No. 9.  And further, that "any
claims based on evidence outside the written agreement are barred by the parol evidence
rule, including any claim that Weyerhaeuser is obligated to pay Genz-Ryan its lost
opportunity and business profits."  Countercl. ¶ 34.  The Court declines to exercise
jurisdiction over Weyerhaeuser's Counterclaim at this time.  *See Wilton v. Seven Falls
Co.*, 515 U.S. 277, 288 (1995) ("In the declaratory judgment context, the normal
principle that federal courts should adjudicate claims within their jurisdiction yields to
considerations of practicality and wise judicial administration.").

estoppel claim, which was "duplicative" of a breach of contract claim, to proceed as an alternative theory subject to later challenge as the record developed more fully); *see also Transp. Drivers, Inc. v. Coca-Cola Refreshments USA, Inc.*, No. CV 16-1074 (DWF/BRT), 2017 WL 1954772, at *13 (D. Minn. May 10, 2017) (allowing promissory estoppel claim based on a contract claim to proceed to discovery when parties disputed whether valid contract governs). Again, drawing all reasonable inferences in Genz-Ryan's favor, the Court cannot conclude that a valid contract necessarily controls the factual allegations supporting Genz-Ryan's promissory estoppel claim.

The Court will not opine further on the merits of the Genz-Ryan's promissory estoppel claim because Weyerhaeuser only challenges its plausibility on the grounds that a valid contract governs the dispute.

For these reasons, Weyerhaeuser's Motion to Dismiss Count II of the Complaint is denied.

### C. Genz-Ryan's Unjust Enrichment Claim

Weyerhaeuser also moves the Court to dismiss Genz-Ryan's "unjust enrichment / quantum meruit" claim, [8] arguing that unjust enrichment is an equitable claim that does not apply when there is an enforceable contract that is applicable. *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012).

Under Minnesota law, "to prevail on a claim of unjust enrichment, a claimant must establish an implied-in-law or quasi-contract in which the defendant received a benefit of

---

[8] Despite characterizing its claim as "Unjust Enrichment / Quantum Meruit," Genz-Ryan did not plead elements of a quantum meruit claim distinct from its unjust enrichment claim. *See* Compl. ¶¶ 29-32.

value that unjustly enriched the defendant in a manner that is illegal or unlawful." *Ventura v. Kyle*, 825 F.3d 876, 887 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 667 (2017) (quoting *Caldas*, 820 N.W.2d at 838)). "An action for unjust enrichment may be founded upon failure of consideration, fraud, or mistake, or situations where it would be morally wrong for one party to enrich himself at the expense of another." *Holman v. CPT Corp.*, 457 N.W.2d 740, 745 (Minn. Ct. App. 1990) (citation omitted). Like promissory estoppel, unjust enrichment is an equitable claim that "does not apply when there is an enforceable contract that is applicable." *Caldas,* 820 N.W.2d at 838. Yet plaintiffs "may plead their unjust-enrichment claim in the alternative to their breach-of-contract claim without fear of dismissal." *Motley v. Homecomings Fin., LLC,* 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008).

This Court has repeatedly allowed plaintiffs to plead unjust enrichment claims in the alternative to contract claims. *See, e.g., Mono Advert*, 285 F. Supp. 3d at 1091 (permitting alternative pleading of unjust enrichment and contract claims); *Toomey v. Dahl*, 63 F. Supp. 3d 982, 999 (D. Minn. 2014) (same). The Court similarly permits Genz-Ryan to plead unjust enrichment in the alternative to its breach of contract claim.

Furthermore, Genz-Ryan's unjust enrichment claim is sufficiently plausible to survive Weyerhaeuser's Motion to Dismiss. Genz-Ryan claims that "[a]t Weyerhaeuser's request, Genz-Ryan accelerated its schedule to complete the remediation work for the Minnesota homes incorporating the Product and relinquished other business opportunities to do so. Compl. ¶ 30. And further, "Weyerhaeuser has been unjustly enriched at Genz-Ryan's expense because Weyerhaeuser has unjustifiably failed and

9

wrongfully refused to pay Genz-Ryan for its past and continuing costs, losses, and damages as well as it lost business opportunities and profits arising from – or related to – the remediation work." Compl. ¶ 31. Although Weyerhaeuser asserts that Genz-Ryan fails to plausibly allege the absence of a controlling contract, a valid contract does not necessarily control the dispute.[9]

For these reasons, Weyerhaeuser's Motion to Dismiss Count III of the Complaint is denied.

## II.    **Rule 11 Sanctions**

Genz-Ryan moves for sanctions under Rule 11. *See* Pl.'s Motion for Sanctions, ECF No. 20. Weyerhaeuser opposed Genz-Ryan's motion and argued Genz-Ryan's motion was itself sanctionable under Rule 11. *See* Def.'s Resp. in Opp. re Pl.'s Motion for Sanctions, ECF No. 25. The Court declines to sanction either party for the following reasons.

Rule 11(b) requires an attorney to certify that a pleading or motion (1) "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and (2) includes "claims, defenses, and other legal contentions [that] are warranted by existing law or by a nonfrivolous argument." Fed. R. Civ. P. 11(b)(1)-(2). In deciding whether an attorney is liable for sanctions for

---

[9] Weyerhaeuser urges the Court to follow *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, a case where the Eighth Circuit affirmed the lower court's dismissal of plaintiff's unjust enrichment claim after finding that valid contracts governed the dispute. *See* 742 F.3d 845, 853-55 (8th Cir. 2014). The Court is not bound to follow *Loftness* because it has not yet concluded that a valid contract controls the dispute.

violating Rule 11, "the standard is . . . whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) (citation omitted). "If, after notice and a reasonable opportunity to respond, the court determines Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Genz-Ryan asserts that Weyerhaeuser does not "cite any binding authority to justify its contention that Genz-Ryan is precluded from pleading a claim for breach of contract along with inconsistent equitable claims." Pl.'s Motion for Sanctions 3, ECF No. 20. From this, Genz-Ryan argues that Weyerhaeuser's attorneys "have knowingly filed a motion that is not warranted under existing law in violation of Fed. R. Civ. P. 11(b)(2)." Pl.'s Motion for Sanctions 4, ECF No. 20.

Contrary to Genz-Ryan's assertions, Weyerhaeuser's Motion to Dismiss cites enough support to avoid Rule 11 sanctions. The Court therefore denies Genz-Ryan's Motion for Sanctions.

In its response to Genz-Ryan's Motion for Sanctions, Weyerhaeuser, in turn, asked the Court to sanction Genz-Ryan for filing its Motion for Sanctions. Because Genz-Ryan failed to cite any cases where a court sanctioned a party for filing a motion to dismiss like Weyerhaeuser's, Weyerhaeuser argues that Genz-Ryan had no "objectively reasonable" basis for believing its motion would be successful on the merits. Although Genz-Ryan's

Motion for Sanctions is itself not clearly warranted under existing law, the Court declines to impose Rule 11 sanctions against Genz-Ryan at this time.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Weyerhaeuser's Motion to Dismiss Counts II and III, ECF No. 10, is DENIED.

2. Genz-Ryan's Motion for Sanctions, ECF No. 20, is DENIED.

   a. Insofar as Weyerhaeuser has moved the Court to sanction Genz-Ryan for filing its Motion for Sanctions, *see* ECF 25, that Motion is DENIED.

Dated: November 9, 2018

 s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
